IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.                                                Case No. 20-mj-67

ANTHONY R. KROHN,

                      Defendant.

---

COMPLAINT FOR VIOLATION OF
TITLE 18, UNITED STATES CODE, SECTION 922(g)(1)

---

BEFORE United States Magistrate Judge      United States District Court
Stephen L. Crocker                                120 North Henry Street
                                                                         Madison, Wisconsin 53703

The undersigned complainant being duly sworn states:

## COUNT 1

On or about June 1, 2020, in the Western District of Wisconsin, the defendant,

ANTHONY R. KROHN,

knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce a Stoeger Luger .22 caliber handgun, said firearm having previously traveled in and affected interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1)).

This complaint is based on the attached affidavit of Agent Jeffrey Eleveld.

/S/
_____
Special Agent Jeffrey Eleveld
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to telephonically this 4TH day of June 2020

_____
HONORABLE STEPHEN L. CROCKER
United States Magistrate Judge

COUNTY OF DANE            )
                          ) ss
STATE OF WISCONSIN        )

## AFFIDAVIT

I, Special Agent Jeffrey Eleveld, first being duly sworn under oath, hereby depose and state as follows:

1. I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since 2000.

2. My duties and responsibilities with ATF include participating in the investigation and prosecution of persons who violate federal firearms laws. As a result of my training and experience, I am familiar with federal firearms laws and I know that in accordance with Title 18, United States Code, Section 922(g)(1), it is unlawful for any person who has been convicted of an offense punishable by a term of imprisonment exceeding one year to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3. I am familiar with the facts and circumstances set forth herein as a result of my personal knowledge of this investigation as well as my review of official reports and records and conversations with other law enforcement officers as more fully described below. I know the law enforcement officers to be reliable inasmuch as the information they provide herein is the result of their official investigation into this matter.

4. This affidavit is intended to show merely that there is sufficient probable

3

cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on the information described below, I believe that there is now probable cause that Anthony R. Krohn has violated title 18, United States Code, Section 922(g)(1).

## PROBABLE CAUSE

5. On June 1, 2020, at approximately 2:12 a.m., Madison Police were dispatched to the area of S. Fairchild and West Doty Streets, in the City of Madison, Western District of Wisconsin, in reference to a person with a gunshot wound. Law enforcement was able to respond quickly given the significant civil unrest then occurring in downtown Madison near the Wisconsin State Capitol and State Street. The unrest began as peaceful protest but devolved into unlawful violence, vandalism, and looting. The intersection of Fairchild Street and Doty Street is approximately one block from the Capitol and four blocks from State Street where dozens of businesses were damaged.

6. Upon arriving at that location, Officer Ryan Kimberley saw Dane County Deputies with a person later verbally identified and confirmed by DOT records as Anthony R. Krohn. Krohn was in the grass between the street and sidewalk. There was a black handgun approximately a foot from Krohn. Krohn was bleeding heavily from his upper right thigh and a tourniquet had been applied.

7. Officer Galen Wiering reports that Dane County Deputy Steven Colbrook said that he asked Krohn if he shot himself and Krohn said that he had. Deputy Colbrook also informed Officer Wiering that Krohn appeared quite intoxicated. Officer Kimberley reports that when Krohn's pants were cut away there was a circle wound on

4

his upper right thigh consistent with a gunshot wound. Officer Kimberley also noted that Krohn's speech was slurred.

8. Officer Amber Flores spoke with Antonio Fisher. Fisher said that he knew Krohn for a long time and they were friends. Fisher said that on that evening he, Krohn, Michael McGillivary, and an unidentified female (later identified as Ashley Hanmer) were hanging out and heading toward the Capitol to meet a friend. Fisher, McGillivary, and Hanmer were walking ahead of Krohn. At the point that they turned a corner, they heard a gunshot and began running. As they ran around the block they realized that Krohn was not with them and did not know that Krohn had been injured until they saw the emergency lights. Fisher did not know that Krohn was carrying a gun but thought that Krohn was the type of person who would be protective of Fisher. Fisher said that there no one else was on the street or nearby during this incident.

9. Officer Flores also spoke with Ashley Hanmer. Hanmer explained that she was hanging out with Krohn and two others that evening. She got a ride downtown to meet up with them and they were walking eastbound on Doty Street, toward the Capitol to check out the protest. Hanmer said that they heard one shot go off and they ran down Fairchild Street. She said that she did not know Krohn was carrying a weapon.

10. Officer Flores interviewed with Michael McGillivary. McGillivary initially lied about his name to the officer. McGillivary explained that he was friends with Tony Robinson and ever since Robinson was shot in an officer-involved shooting that he did not like law enforcement. McGillivary said that he did not know Krohn and that Krohn

5

was a friend of Fisher. McGillivary said that he, Fisher, and Hanmer were walking ahead of Krohn. He heard one gunshot, looked behind him, and then the group ran north on Fairchild Street. The group ran through the Dane County parking ramp and back around the block. He did not know that Krohn was injured until they saw emergency lights at the scene. McGillivary was arrested for Obstructing an Officer and ultimately written a municipal ticket for the violation.

11. Officer Kimberley reported that Krohn was transported to the hospital and after a scan of his leg Doctor Solty told him that the bullet would not need to be removed. Medical staff, specifically a staff member identified as S. Indra, said that the bullet "went in at the top and tracked down his leg." Officer Kimberley reports that this track is, based on his training and experience, consistent with the handgun discharging while Krohn was carrying it in his pocket or waist area.

12. Investigator Thomas Parr recovered evidence at the scene including a spent .22 caliber casing and a loaded Stoeger Luger .22 caliber handgun. The handgun had one live round in the chamber and nine rounds in the magazine.

13. Your affiant has had specialized nexus training in determining the where firearms are manufactured. Based on Madison Police reports, your affiant knows that the Stoeger Luger .22LR handgun is a firearm that was manufactured outside the State of Wisconsin and has therefore travelled in interstate commerce.

14. Your affiant has reviewed the Wisconsin Circuit Court Access (WCCA) program, which provides computerized records of cases in Wisconsin state courts. Your affiant has used information from WCCA in past cases and knows that the

6

information contained therein it is accurate and reliable.

15. WCCA records show that in Rock County case number 2016CF000939, Krohn was convicted on February 24, 2017, of the felony crime of Operating a Motor Vehicle While Intoxicated (6th offense) contrary to Wisconsin State Statute section 346.63(1)(a). On that same day he was sentenced to 5 years in prison consisting of a 2 year term of confinement and a 3 year term of supervised release.

16. WCCA records also show that in Rock County case number 2009CF2612, Krohn was convicted on December 18, 2009, of the felony crime of Possess With Intent to Deliver Cocaine (>5-15g) contrary to Wisconsin State Statute section 961.41(1m)(cm). On January 7, 2010, Krohn was placed on probation for 5 years and ordered to serve 1 year of conditional jail time. That term of probation was revoked and on April 29, 2011, Krohn was sentenced to 6 years in prison consisting of a 3 year term of confinement and a 3 year term of supervised release.

/s/
Special Agent Jeffrey Eleveld
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed to telephonically this 4th day of June 2020.

Honorable Stephen L. Crocker
United States Magistrate Judge

7